Johnson J.
delivered the opinion of the Court.
The case of Brush v. Admors. of Reeves, 3 Johns. 439, is decisive of the first ground : and the rule there laid down is distinctly recognized in Eccles v. Ballard, 2 M’C. 388. If the payee of a note payable to himself, or bearer, indorse it, he may be sued as indorser, in the same manner as if it had been payable to him, or order.
In relation to notes indorsed before due, it is conceded, on all hands, that to charge the indorser, it is incumbent on the indorsee, with all convenient diligence, to demand payment of the maker, and, if payment is refused, to give notice of it to the indorser, with the same degree of diligence. But I was myself disposed to think, and so expressed myself in the case of Poole v. Tolleson, 1 M’C. 202, that demand and notice at any time, *459 was sufficient, in the case of a note indorsed after due, unless the defendant could show that the debt had been lost by the neglect of the holder: and that notion is favoured by the case of Hall v. Smith, 1 Bay, 330. The subsequent case of Stockman v. Riley, 2 M’C. 398, I have always, however, regarded as settling the question definitively; and the case of Ecfert v. Des Coudres & Co. 1 Mill, 69, is to the same effect. All the rules, applicable to a note indorsed before due, applv with equal force to one indorsed after due : and however I may distrust the correctness of the conclusion, I have uniformly acquiesced in it, upon the principle, that, as a mere rule, it is more important that it should be fixed and permanent, than that it should have been correctly settled ; for there is no inconvenience in conforming to what it requires.
In the case before us, the commencement of a suit against Pouncey, the maker, within a few days after the transfer of the note, is the only circumstance relied onto prove the demand; and the suit against this defendant as the only notice of nonpayment. Of all the modes of demanding payment, a suit for the recovery of it would seem to be the most unequivocal: and the object of the notice to the indorser, being to apprize him, that he will be looked to for payment, is, I think, sufficiently attained by a suit against him. But — waiving the objection, that notice to the indorser, being necessary to fix his liability, must precede the commencement of an action against him to enforce that liability — it does not follow, that a suit against either the maker, or the indorser, is evidence of a demaud in the one case, or of notice in the other, at the time when the writ was lodged in the sheriff’s office ; for unless it is served, the defendant may forever remain ignorant of it. Nor is it evidence of notice at the time when the writ was served ; for writs in assumpsit are general, and do not contain a specification of the cause of action : and if the plaintiff choose to conceal it, the defendant can never know the precise cause of action until the plaintiff declares, anfi the defendant is called on to plead. In the case of Poole v. Tolleson, (supra) I remarked, that the acceptance of the service of the process was sufficient evidence of notice: but that was upon the ground, that one would not likely accept service of a writ, without a previous inquiry as to the cause for which he was sued.
®WeJohnson 480’iBai"
The report does not state at what time the writ against Pouncey was served upon him, or when the declaration was filed ; whether plea was put in, or at what time: and it is equally silent as to the time of the commencement of this suit. But without adverting further to the legal proceedings in either case, it will be sufficient to remark, that more than twelve months must have elapsed between the commencement of the action against Pouncey, and the return of the fi. fa. ; and even if the commencement of that action could be regarded as a demand, and the service of the writ on the present defendant as notice, the plaintiff was guilty of negligence, for it does not appear, that the writ was served until after the return of th eft. fa.
The insolvency of "Pouncey, manifested by the return of nulla bona on the fi. fa., is relied on as superseding the necessity of demand, or notice. The cases of Edwards v. Thayer, 2 Bay, 217, and Esdaile v. Sowerby, 11 East, 114, are express upon this point. The insolvency of the maker, although it was known to the indorser, does not dispense with a demand and due notice. An exception seems to have been allowed in De Berdt v. Atkinson, 2 H. Bl. 336, where the indorser lent his name to the maker, knowing at the timé that he was insolvent. But the authority of that case is shaken in Smith v. Becket, 13 East, 187 ; and the cases cited in note 1, Day’s edition, show, that it is not now law either in this country, or in England.
The fact that the defendant knew of the pendency of the suit against Pouncey, did not dispense with notice from the plaintiff, The leading object of notice is to inform the indorser, whether the holder intends to rest on his rights against the maker, or to resort to him for payment. Tindal v. Brown, 1 T. R, 169. This cannot be attained by mere casual notice ; it must come from the holder himself. Nor is the reliance placed on the declaration of the defendant to the witness Legget, that.he would pay the note without suit, o'f more avail. The indorser may, it is true, waive a demand and notice, and will be bound by a promise to pay, with the knowledge of the fact, that they have been neglected. But this is a mere loose declaration to a third person, having neither interest nor agency in the matter, made, probably, in ignorance of the fact, that there had been no *461 demand, and, vet more probably, in utter ignorance, that, in \ " , , . point of law, either demand or notice were necessary.
I am therefore of opinion that the plaintiff failed to support his action, and that a nonsuit ought to be granted; and it is so ordered.
Nonsuit.